# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CIVIL ACTION NO. 4:06-CR-53 |
| : | |
| v. : | **(Chief Judge Conner)** |
| : | |
| **FOSTER J. PRICE, JR.,** : | |
| : | |
| **Defendant** : | |

# ORDER

AND NOW, this 14th day of June, 2019, upon consideration of the motion (Doc. 815) for reconsideration by defendant Foster J. Price, Jr. ("Price") of the court's order (Doc. 814) dated January 10, 2019, denying Price's motion "for clarification and appropriate relief pursuant to 2241(d) and 59(e)," and the court emphasizing that a motion for reconsideration of a final order under Federal Rule of Civil Procedure 59(e) must rely on one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice," Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), and noting that a party may not invoke a motion for reconsideration as a means to "relitigate old matters" or present previously available arguments or evidence, see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted), and it appearing that Price bases his motion on arguments identical to or expanding upon those previously raised before—and rejected by—the undersigned, and that Price fails to

substantiate a basis to reconsider the court's prior decision, it is hereby ORDERED that Price's motion (Doc. 815) for reconsideration is DENIED.

   /S/ C<span>HRISTOPHER</span> C. C<span>ONNER</span>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania